**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Gregory L. Wisher,<br><br>        Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation,<br>Tanya Pollard,<br>Shelisa Jones,<br>Shane Doe, and<br>John Doe,<br><br>        Defendants. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Gregory L. Wisher is a natural person who resides in Roseville, Minnesota, and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant Global Credit & Collection Corporation ("Global"), is a Delaware corporation and collection agency, Global's registered agent in Delaware is Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19001, and Global's registered agent in Minnesota is CT Corporation System Inc., 100 South Fifth Street #1075, Minneapolis, MN 55402, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Tanya Pollard is a natural person and employee of Global, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Shelisa Jones is a natural person and employee of Global, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Shane Doe is a natural person and employee of Global, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant John Doe is a natural person and employee of Global, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

10. From October or November 2010 to the present, Defendants have left numerous voicemail messages on Wisher's mobile phone in the course of their illegal attempts to collect a debt from him that is a "debt" as defined by 15 U.S.C. § 1692a(5) ("the debt").

*Early communications*

11. Pollard from Global called Wisher in early November 2010 to discuss the debt and payment arrangements.

12. At 7:31 a.m. on November 13, 2010, Pollard from Global called Wisher's mobile phone and left a voicemail. Wisher's phone displayed "905" as the phone number calling him.

13. In the voicemail, Pollard says the matter was in her department for "final review."

14. Later that day, after listening to Pollard's voicemail, Wisher called Pollard back. Wisher asked Pollard what times they were allowed to call.

15. Pollard told Wisher "we're allowed to call after 8:00 a.m."

16. Wisher asked Pollard to explain why she called him at 7:31 a.m.

17. Pollard said "it is 8:30 a.m. here; that's when we can start calling."

18. Wisher said that sometimes there are multiple timezones which can mean there can be a two-hour time difference.

19. Pollard responded by saying "that's fine."

20. In her voicemail, Pollard failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

21. Due to the Pollard's failure to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector, the communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

22. By obscuring Global's telephone number, Pollard's phone call was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

23. By calling prior to 8:00 a.m., Pollard communicated with Wisher in connection with the collection a debt at an inconvenient time, in violation of § 1692c(a)(2).

24. By leaving a voicemail prior to 8:00 a.m., Pollard communicated with Wisher in connection with collection a debt at an inconvenient time, in violation of § 1692c(a)(2).

25. By telling Wisher that debt collectors can call before 8:00 a.m. as long as it is past 8:00 a.m. where the debt collector is, Pollard's statement was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

*November 17, 2010*

26. Pollard called Wisher on November 17, 2010, and left a voicemail. Wisher's phone displayed "905" as the callback number.

27. By obscuring Global's telephone number, the phone call was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

28. In her voicemail, Pollard failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

29. Due to Pollard's failure to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector, the communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

*November 22, 2010*

30. Pollard or an unknown caller from Global called Wisher twice in a one-minute span on November 22, 2010. Wisher's phone displayed "905" as the callback number for both calls.

31. Pollard left a voicemail.

32. By calling Wisher twice within one minute, Defendants conduct had the natural consequence of harassing Wisher, in violation of 15 U.S.C. §§ 1692d and 1692d(5).

33. By obscuring Global's telephone number, Defendants' phone calls were misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

34. In her voicemail, Pollard failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

35. Due to Pollard's failure to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector, the communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

*December 2, 2010*

36. Shelisa Jones left a message for Wisher on December 2, 2010.

37. Jones said that Wisher needed to return her phone call immediately.

38. Jones said "the letter has been sent out, so we need to set up an arrangement."

39. Jones failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

40. Jones failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

41. Due to Jones's failure to provide the "mini-*Miranda*" warning, disclose that the call was from a debt collector, or meaningfully disclose the caller's identity, the communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

42. By stating that Wisher needed to return her phone call immediately, Jones's conduct was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

43. By stating "the letter has been sent out--so we need to set up an arrangement," Jones's conduct had the natural consequence of harassing Wisher, in violation of 15 U.S.C. §§ 1692d.

*January 12, 2011*

44. Shane Doe from Global called Wisher's home phone number of January 12, 2011, and left a voicemail. Wisher's phone displayed "905" as the callback number.

45. On his voicemail, Shane Doe says that Wisher or his hired representation should contact his office immediately to avoid escalation and to "avoid a decision being made against you as your refusal."

46. Shane Doe failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

47. By stating that Wisher needed to return his phone call immediately to avoid escalation and having a decision being made against him, Shane Doe's conduct was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

48. By obscuring Global's telephone number, the phone call was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

## Summary

49. The above-detailed conduct by Defendants in an effort to collect the debt represents violations of multiple provisions of the FDCPA, including, but not limited to the provisions enumerated in the preceding paragraphs.

50. Wisher has suffered actual damages as a result of Defendants' illegal conduct in the form of emotional distress, stress, frustration, and other negative emotions.

## Respondeat Superior

51. Pollard, Jones, Shane Doe and John Doe acted within the course and scope of their employment by Global at all relevant times, and Global is vicariously liable for their intentional and negligent acts and omissions.

## Trial by Jury

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692o

53. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

54. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692-1692p.

55. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. such other and further relief as this Court determines just and proper.

                                              **The Glover Law Firm, LLC**

Date:  February 9, 2011           *s/Randall P. Ryder*
                                                Randall P. Ryder (#389957)
                                                125 Main Street SE, #250
                                                Minneapolis, MN 55414

                                                phone • 612.424.3770
                                                fax • 612.605.1947
                                                e-mail • email@theglf.com

                                                Attorney for Plaintiff

## Verification

**Greg Wisher**, being duly sworn on oath, deposes and says that he is the Plaintiff in this action; that he makes this verification on his own behalf and under penalty of perjury, being duly authorized to do so; that he has read the foregoing Complaint and knows the contents thereof, and that the same is true to his knowledge, except as to those matters stated on information and belief, and as to those matters he believes them to be true; and that the grounds for his knowledge and belief is information derived from his books and records, or written instruments in his possession.

Date: 2-4-11

_____
Greg Wisher

Subscribed and sworn to before me this 4th day of February, 2011.

_____
Notary Public

Mary Lee McPhetres
Notary Public
State of Minnesota
My Comm. Exp. 01-31-14